IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS DeANGELO JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 10-2312-JDT-cgc |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

The *pro se* prisoner Plaintiff, Marcus DeAngelo Jones, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a complaint pursuant to 42 U.S.C. §§ 1983, 1984, and 1985 and *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) The Court subsequently dismissed portions of the complaint and directed that process be issued for the Bureau of Prisons ("BOP") and six individual Defendants, including Steve Webb. (ECF No. 11.) On September 24, 2012, the Court granted summary judgment on all claims except for the *Bivens* claim asserted against Defendant Webb. (ECF No. 49.) A dispositive motion deadline of April 10, 2014, was later established. (ECF No. 83 at 2-3.) No further motion for summary judgment was filed within the deadline. However, on September 4, 2014, five months after the expiration of that deadline, Defendant Webb filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 98.) A response (ECF No. 100), a reply (ECF No. 101), and a surreply (ECF No. 102) have been filed.

Defendant first states that he regrets that the motion for judgment on the pleadings was not filed earlier, indicating that the issue raised was inadvertently overlooked when the case was assigned to new counsel. He cites to Federal Rule of Civil Procedure 12(c), which states that a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed – but early enough not to delay trial." Defendant further relies on Rule 12(h)(2)(B)-(C), which provides that the defense of failure to state a claim on which relief may be granted may be raised in a motion for judgment on the pleadings or at trial.

The argument that Defendxant should not be bound by the dispositive motion deadline in this case is meritless. The provisions in Rule 12 regarding when certain issues may be raised or certain motions may be filed do not control when a specific motion deadline has been established in a particular case in accordance with Federal Rule of Civil Procedure 16(b). There would be no need for such scheduling orders if litigants could ignore them at will. In any event, the motion for judgment on the pleadings is without merit; therefore, there is no need to decide between accepting a late-filed motion raising a possibly meritorious argument and requiring the Defendant to wait and raise the argument at trial.

Defendant asserts that the remaining claim in this case involves allegations that he violated Plaintiff's First Amendment right to freely exercise his religion. Citing *Reichle v. Howards*, 132 S. Ct. 2088, 2093 n.4 (2012), *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009), and several cases from other circuits,[1] Defendant then argues that the Supreme Court has never extended a *Bivens* remedy to

---

[1] *Pahls v. Thomas*, 718 F.3d 1210, 1226 n.6 (10th Cir. 2013); *Walden v. Ctrs. for Disease Control & Prevention*, 669 F.3d 1277, 1285 n.3 (11th Cir. 2012); *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 35 (1st Cir. 2011); *Western Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 116, 1125 (9th Cir. 2009); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 n.6 (8th Cir. 2008).

claims sounding in the First Amendment. In response, Plaintiff asserts that his claim arises not under the First Amendment but under the Equal Protection Clause of the Fifth Amendment, based on allegations of wrongful termination from his prison job on account of his religion. Such a cause of action is permissible under *Bivens*. *See Davis v. Passman*, 442 U.S. 228 (1979).

Defendant contends that the Court, in the July 22, 2011, order of partial dismissal, found that Plaintiff had not stated a claim under the Fifth Amendment. That is only partially true. The Court recognized that Plaintiff was alleging he had been terminated from his prison job on account of his race and his religion. (ECF No. 11 at 5-7.) The Court then held that the allegations of the complaint were insufficient to state an equal protection claim based on *racial* discrimination. (*Id.* at 19-20.) However, the Court did *not* find that the complaint also failed to state an equal protection claim based on religion. Furthermore, the claim against Webb was never described as a free exercise claim or as a retaliation claim. On the contrary, the Court has consistently described Plaintiff's claim against Defendant Webb as a claim for "wrongfully discharging Plaintiff from his prison job on account of his religion." (*Id.* at 22; *see also* ECF No. 49 at 1; ECF No. 78 at 1.)

Because the Plaintiff's remaining claim arises under the Equal Protection Clause of the Fifth Amendment rather than under the First Amendment, Defendant's motion for judgment on the pleadings is DENIED. The Clerk is directed to re-assign this case to the judge to whom it was originally assigned, as indicated by the judicial assignment card drawn at the opening of the case. IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE